ESTATE OF SCHMIDT: SMITH, Objector, Appellant, vs. SEHER, Executor, Defendant: RIEBOW, Claimant, Respondent.

*February 2—March 2, 1954.*

For the appellant there were briefs by *Gerlach & Porter* of Milwaukee, and oral argument by *Frederick C. Gerlach* and *Emery J. Porter*.

For the respondent there was a brief and oral argument by *Alvin Juedes* of Milwaukee.

BROWN, J. Appellant submits that the promise to pay for the food by a provision in Schmidt's will was not proved by clear and convincing evidence and was not sufficiently specific to be enforceable; and that in fact Mr. Riebow furnished the food gratuitously and without expectation of reimbursement. The testimony of the Riebows is clear and direct concerning the agreement. It is not controverted by any other evidence and in its essential feature, that neither

Schmidt nor the Riebows considered that the food was given gratuitously, it is corroborated by Mr. Seher. Under the circumstances in evidence here, the failure of Mr. Riebow to keep an account or render a bill does not raise a presumption that the food was intended as a gift, much less establish that fact, as it did in *Estate of Beilke* (1953), 263 Wis. 372, 57 N. W. (2d) 402. We see no reason why it should not be paid for in accordance with the expressed intention of the parties and, as payment was not provided for in the will, why a claim for its value should not be allowed.

Appellant submits that Mr. Seher was incompetent to testify and his evidence should be disregarded, leaving that of the Riebows insufficient to establish their claim. The alleged incompetency rests on supposed privileged communications and on Seher's position as executor of Mr. Schmidt's will. Schmidt's statements to Seher, *supra,* were not made in the course of conferences between attorney and client but in the course of ordinary social calls by Seher upon his old friend. They involved no professional services or advice, and no confidential or privileged character attaches to them.

We find no authority which suggests that an executor shall not testify to matters within his knowledge. His duty to protect and conserve the estate does not justify, much less require, him to suppress the truth concerning transactions or communications which he knows about between the testator and a claimant if he is called as a witness to them.

Appellant also contends that Mr. Seher was disqualified as a witness because when he was executor he assisted Mr. Riebow in preparing and filing the claim. We believe that this is frequently done as a matter of accommodation by executors and administrators when creditors of the deceased come to inquire about his estate and their prospects of payment. It is not the most careful practice because of the ambiguous position in which the executor may find himself with the claimant who relied on him instead of taking counsel,

but that is another matter. It does not result in making the executor incompetent to testify to matters within his knowledge about the transaction on which the claim is based.

*By the Court.*—Judgment affirmed.